UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MACCEAU PAULIDOR and FRANCES DIMBO ) <br> ) <br>     *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> HEMPHILL'S HORSES, FEED AND ) <br> SADDLERY, INC. ) <br>     *Defendant*. ) | Case No. 3:20-cv-785 (OAW) <br><br><br><br><br><br><br><br> August 2, 2023 |

## OMNIBUS RULING

**THIS ACTION** is before the court upon Defendant's Motion to Dismiss, ECF No. 60, and Plaintiffs' Motion to Remand to State Court, ECF No. 68.

The court carefully having reviewed the Motion to Dismiss, Plaintiffs' opposition thereto, ECF No. 63, Defendant's reply in support thereof, ECF No. 64, and the record in this case, the Motion to Dismiss is **GRANTED** for the reasons discussed herein.

As for Plaintiffs' Motion to Remand, the court carefully has reviewed the motion, Defendant's opposition, ECF No. 69, and the record in this case. Accordingly, and for the reasons that follow, Plaintiffs' Motion to Remand is **DISMISSED AS MOOT**.

### I.   PROCEDURAL HISTORY

Plaintiffs filed suit against Defendant in Connecticut (state) Superior Court following a motor vehicle collision. Notice of Removal 1, ECF No. 1. They claimed that the collision was caused by an employee of Defendant who was negligently operating Defendant's vehicle, during the scope of such employment. Notice of Removal, Ex. A, at 4, ECF No. 1-1. Defendant then timely removed the case to this court, citing diversity

1

jurisdiction among the parties.  *See* Notice of Removal 1, ECF No. 1 (stating the Plaintiffs "reside" in Connecticut, while Defendant was a Maine corporation, and that the amount in controversy was over the requisite $75,000).

Defendant has filed this renewed motion to dismiss pursuant to Federal Rules of Civil Procedure 16 and 45, citing Plaintiffs' repeated noncompliance with discovery requests and court orders.  *See* Def.'s Mot. for Dismissal 1, ECF No. 60.

## II.   BACKGROUND

On August 23, 2019, Plaintiff Macceau Paulidor was driving a motor vehicle in which Plaintiff Frances Dimbo was a passenger.  Notice of Removal, Ex. A, at 4, ECF No. 1-1.  Plaintiffs were headed southbound on highway I-95 when their vehicle was struck in the rear by another motor vehicle that was owned by Defendant.  *Id.*  Defendant's vehicle was being operated by an employee of Defendant, during the scope of employment.  *Id.* at 4–5.  Plaintiffs cite negligence of Defendant's employee as the cause of the collision.  *Id.* at 5.  As a result of the collision, both Plaintiffs sustained a series of injuries, some of which are permanent in nature.  *Id.* at 5–7.

On May 7, 2020, Plaintiffs filed suit against Defendant in Stamford (Connecticut) Superior Court, citing negligence and claiming money damages.  *Id.* at 4.  Defendant filed notice of removal on June 6, 2022, pursuant to 28 U.S.C. §§ 1441(a) and 1446, citing diversity jurisdiction among the parties.  Notice of Removal 1, ECF No. 1.

Upon removal, the parties engaged in discovery.  The progress (or the lack thereof) is documented thoroughly on the docket: On March 3, 2021, Defendant served Plaintiffs with the first set of interrogatories and requests for production.  Def.'s Mot. to Dismiss 1,

ECF No. 45.  The initial deadline for Plaintiffs to respond was April 2, 2021.  *Id.* at 2.  On April 6, 2021, after Plaintiffs failed to meet their deadline, Attorney Finkelstein, counsel for Defendant, agreed to a ten-day extension.  *Id.*  Four days after the extended deadline, on April 20, 2021, Attorney Finkelstein received an email from Attorney Sreenivasan, Plaintiffs' counsel, indicating that he would "forward discovery this week."  Def.'s Mot. to Dismiss, Ex. 5, ECF No. 45-6.  Plaintiff failed to meet this deadline as well.  Only later did defense counsel receive word from Plaintiffs' counsel that he was still waiting for responses from his clients.  *Id.*, Ex. 8, ECF No. 45-9.

On May 5, 2021, Attorney Sreenivasan followed up, offering only a portion of the requested information.  *See id.*, Ex. 10, ECF No. 45-11 (sharing "medical packages").  Despite promises to the contrary, no additional responses from Attorney Sreenivasan arrived that day.  *See id*; *see also id.*, Finkelstein Aff. ¶ 19, ECF No. 45-1 (stating that Attorney Sreenivasan did not send any "authorization or interrogatories" despite the promise that they would be sent later that day).

The following day, on May 6, 2021, Attorney Sreenivasan sent responses for Plaintiff Frances Dimbo in the format used in Connecticut Superior Court, rather than in the format supplied by Attorney Finkelstein.  *Id.*, Ex. 11, ECF No. 45-12.  That same day, Defendant filed a motion to compel.  *See* Def.'s Mot. to Compel Pls.' Disc. Resp., ECF No. 24.  Judge Covello of this court granted the motion in part, ordering the Plaintiffs to "respond fully and completely" to the discovery requests.  Order, ECF No. 43.  Judge Covello granted thirty days for Plaintiffs to comply with the order.  *See id.*

Plaintiffs, again, failed to meet the deadline.  On August 30, 2022, when Plaintiffs were required to respond fully and completely, Plaintiffs responded to only a portion of

3

Defendant's interrogatories and requests for document production.  Def.'s Mot. to Dismiss 3, ECF No. 45.  Thereafter, Defendant contacted Plaintiffs' counsel on multiple occasions but did not receive a response.  *See* Def.'s Mot. to Dismiss, Finkelstein Aff. ¶ 12, ECF No. 45-1; *id.*, Ex. 13, ECF No. 45-14.

On October 20, 2021, Defendant filed its first motion to dismiss.  *See id.*  Having been notified of the filing, Attorney Sreenivasan contacted Attorney Finkelstein, asking what Defendant sought.  *See* Reply in Further Supp. of Def.'s Mot. for Dismissal 1, ECF No. 49.  Thereafter, this case was transferred to the undersigned.  *See* ECF No. 50.  Because the motion to dismiss was fully briefed, the undersigned presided over a hearing for oral argument on Defendant's motion, but no attorney representing Plaintiffs attended.  Minute Entry, ECF No. 56.  The hearing took place on February 3, 2022.  *Id.*

Following the scheduled hearing, this court issued an order on February 7, 2022 ("the Order").  *See* Ruling on Def.'s Mot. to Dismiss, ECF No. 57.  The ruling granted in part (and without prejudice) Defendant's motion to dismiss, while instructing Plaintiffs to 1) pay Defendant the reasonable expenses, including attorney's fee, incurred while seeking compliance with the court's order from July 29, 2021 and 2) to comply with the court's order from July 29 within twenty-one days of the ruling.  *See id.*

On February 28, 2022, exactly twenty-one days after the Order, Plaintiffs filed notice, claiming that they had complied with the Order.  *See* Pl.'s Notice of Compliance, ECF No. 61.

On March 3, 2022, Defendant responded by filing the instant motion to dismiss (pursuant to Federal Rules of Civil Procedure 16 and 41), claiming that Plaintiffs, once again, had failed to respond fully and completely to Defendant's discovery requests.  *See*

4

Def.'s Mot. to Dismiss, ECF No. 60.  The motion points out that Plaintiffs have failed to respond to a multitude of requests.  *See id.*  Plaintiffs have outright failed to respond to certain interrogatories, while indicating that answers to certain other interrogatories were "to be provided" without an indication as to when.  *Id.* at 1.  Also, Plaintiffs have failed to provide "formal response or documents in response to Defendant's First Set of Requests for Production."  *Id.* at 2.  Plaintiffs' objection asserts that they have complied with the Order.  Pl.'s Obj. to Def.'s Mot. to Dismiss 1, ECF No. 63.  However, Defendant reiterates its argument that Plaintiffs have failed to "fully and completely respond," specifically pointing to the incomplete answers provided to the interrogatories and to the request for document production.  Def.'s Reply in Supp. of Its Renewed Mot. for Dismissal 1–2, ECF No. 64.

III.   **LEGAL STANDARD**

A district court may dismiss an action under Federal Rule of Civil Procedure 41(b) if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b); *see also McArthur v. Mercury Price Cutter*, No. 3:21-cv-01007(SRU), 2023 WL 4492124 (D. Conn. Jul. 11, 2023).  As held by the United States Court of Appeals for the Second Circuit, the court may "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute."  *Sanchez v. Cnty. of Dutchess*, No. 21-2408, 2023 WL 3047971, at *1 (2d Cir. Apr. 24, 2023) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)).  Relatedly, Federal Rule 16(f) lists sanctions that courts may impose on parties who "fail[] to obey . . . pretrial order[s]."  One

5

of the potential sanctions is to dismiss the action (partially, or completely).  Fed. R. Civ. P. 37(b)(2)(A)(v).

The Second Circuit has outlined several factors to consider when determining whether to dismiss for a failure to prosecute:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir. 1999) (citing *Nita v. Conn. Dep't of Envtl. Protection*, 16 F.3d 482, 485d (2d Cir. 1994) (citations, alterations and internal quotation marks omitted) (brackets in original)).  While "no one factor is dispositive, . . . a district court is not required to discuss each of the factors on record." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001) (citing *Shannon*, 186 F.3d at 194).

A sanction in the form of dismissal with prejudice has harsh consequences for a lawyer's clients, who themselves might well be without fault, and therefore such a sanction only should be reserved for "extreme situations."  *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) (internal citation omitted).

IV.   **DISCUSSION**

   **A. Motion to Dismiss**

After careful consideration of each of the factors described by the Second Circuit, together with the facts and circumstances in the present case, this court finds that dismissal is warranted.

   *1. Duration of the Plaintiffs' Failures*

The first factor weighs heavily in favor of dismissal. Local Rules of this district provide that if deadlines established by the court pursuant to Rule 16 are not met, the "Clerk [of Court] shall give notice of proposed dismissal to counsel of record and self-represented parties." D. Conn. L. Civ. R. 41(a). It further states that "[i]f such notice has been given and no action has been taken in the action in the meantime and no satisfactory explanation is submitted . . . within twenty-one (21) days thereafter, the Clerk shall enter an order of dismissal." *Id.*

In its motion to dismiss, Defendant cites to Plaintiffs' failure to comply with this court's order issued on February 7, 2022 ("the Order"). *See* Def.'s Mot. to Dismiss 1, ECF No. 60. This court, in such Order, provided Plaintiffs "twenty-one (21) days from the date of [the] order" to respond fully and completely to Defendant's interrogatories and requests for production of documents. Order, ECF No. 57; *see also* Order, ECF No. 43 (granting in part, Defendant's motion to compel). Although Plaintiffs filed a notice of compliance on February 28, 2022, Defendant points out that Plaintiffs have failed to provide full and complete responses to many of their interrogatories. *See* Def.'s Reply in Supp. of its Renewed Mot. for Dismissal 1, ECF No. 64. To date, Plaintiffs have failed to fully respond to the interrogatories and document requests, which were sent to Plaintiffs as far back as

March 3, 2021.  *See* Def.'s Mot. for Dismissal 2, ECF No. 60.  Plaintiffs' failure to comply goes well beyond the twenty-one-day deadline identified in both the Local Rules and in this court's order from February 7, 2022.  While the Clerk of Court has not issued the type of notice mentioned in the Local Rule, the court itself has ordered Plaintiffs, upon threat of dismissal, to comply with both discovery requests and court orders.  *See* Order, ECF No. 57.  The court finds that this factor, reviewed under Federal Rule 41 and also under Local Rule 41, weighs heavily in favor of dismissal.

    2.  <u>Plaintiffs Were Warned of Dismissal</u>

The second factor also weighs heavily in favor of dismissal.  As noted, Plaintiffs explicitly were warned that their noncompliance with discovery would "result in dismissal (with prejudice)" of the claim.  Order, ECF No. 57.  The Order made certain that each party understood Plaintiffs were to respond "fully and completely" to Defendant's discovery requests.  *Id.*  The Order itself was in response to Defendant's motion to dismiss for failure to comply with discovery requests.  *See generally id.*  Plaintiffs' noncompliance has been brought to the court's attention on multiple occasions and the court consistently has notified Plaintiffs of the possibility of dismissal.

    3.  <u>Likely Prejudice to Defendant</u>

Similarly, the third factor weighs in favor of dismissal.  Generally, the court may presume that delay prejudices the opposing party.  *McArthur*, 2023 WL 4492124, at *2 (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004)).  However, the specific "issue turns on the degree to which the delay was lengthy and inexcusable."  *Adams v. Yolen*, 513 F. App'x 64, 66 (2d Cir. 2013) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)).  Defendant sent its discovery

requests to Plaintiffs as early as March 3, 2021. See Def.'s Mot. for Dismissal, ECF No. 45. More than two years have passed, and yet Plaintiffs still have failed to fully comply . The time and effort spent in contacting Plaintiffs' counsel, and the time that has lapsed since the suit first began in state court, both suggest that Defendant has suffered from prejudice caused by Plaintiffs. Memories fade, witnesses disappear, and time is costly.

   4. *Court Efficiency, Weighed Against Due Process*

Dismissal is warranted under the fourth factor, in that Plaintiffs have received multiple warnings and notices about their noncompliance with prior court orders, and with Defendant's requests. *See, e.g.*, Def.'s Mot. to Compel Pl.'s Disc. Resp, ECF No. 24 (highlighting Plaintiff's failure to comply); Order, ECF No. 43 (granting, in part, Defendant's motion to compel, providing notice to Plaintiffs of the need to comply with discovery); Def.'s Mot. for Dismissal, ECF No. 45 (highlighting Plaintiffs' failure to comply); Order, ECF No. 57 (providing notice to Plaintiffs of the need to comply with the court's orders regarding discover); Def.'s Mot. for Dismissal, ECF No. 60 (highlighting Plaintiff's failure to comply). The record makes clear that Plaintiffs have had a "fair chance to be heard," and that the court was concerned with fairness more than docket management.

   5. *Lesser Sanctions Were Considered*

As for the fifth factor, it is clear that the court in each of its prior rulings "adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal citations omitted). The specific warnings, together with the passage of time before the court's present action, demonstrate that the court presented every reasonable opportunity for Plaintiffs to prosecute this case, and to avoid dismissal.

Having carefully considered each of the foregoing factors, dismissal with prejudice clearly is warranted in this case.  "[T]he sanction of dismissal with prejudice . . . must be supported by 'clear evidence'", particularly because it has "harsh consequences for clients, who may be blameless . . . ." *Mitchell v. Lyons Prof. Servs, Inc.*, 708 F.3d 463, 467 (2d Cir. 2013).  Accordingly, the Second Circuit has limited the use of this sanction to only "extreme situations," where the court can find "serious fault." *Id.*  In addition to Plaintiffs' failure to comply with various court orders regarding discovery, the court notes three particular instances that demonstrate serious fault.

First, Plaintiffs' counsel failed to appear at oral argument on February 3, 2022, when the court was prepared to address Plaintiffs' noncompliance with certain discovery requests.  *See* Minute Entry, ECF No. 56.  Despite sufficient notice from this court regarding the hearing, Plaintiffs' counsel inexplicably failed to appear.  *Id.*  In fact, it was unclear who actually was representing Plaintiffs in this case when the court issued its Ruling on February 7, 2022.  *See* Ruling on Def.'s Mot. to Dismiss 3 n.2, ECF No. 57.  Because of this confusion, the court previously granted Plaintiffs the benefit of the doubt in ruling that Defendant's letter to Attorney Sreenivasan on October 1 was not sufficient proof of notice to warrant granting Defendant's previous motion to dismiss.  *Id.* at 11.  However, Plaintiffs' counsel has done little since then to clarify the issue of representation.

The second example of serious fault is that the Order from February 7, 2022, warned Plaintiffs that their "future noncompliance will result in dismissal (with prejudice)" of their claim.  Order, ECF No. 57.  The same warning was reiterated in the court's articulated ruling.  See Ruling on Def.'s Mot. to Dismiss, ECF No. 57 (stating, in bold, that **"future noncompliance may result in dismissal (with prejudice) of this claim"**).  The

court finds that despite this warning, Plaintiffs have not provided sufficient responses to Defendant's motion to dismiss.  *See* Def.'s Mot. for Dismissal 1, ECF No. 60.  Whereas in its previous ruling, the court proposed that "lesser sanctions on Plaintiffs' counsel may encourage compliance," over one year later, it is clear that this has not been the case.

In a third example of serious fault, Plaintiffs have repeated arguments on the instant motion to remand this action (to state court), *see* Mot. to Remand, ECF No. 68, that already have been ruled upon, *see* Ruling on Mot. to Dismiss 7–8, ECF No. 57 ("Accordingly, the court retains subject matter jurisdiction to decide Defendant's motion to dismiss.").  Plaintiffs again assert the court's lack of subject matter jurisdiction on the basis of amount in controversy, without citing to any new developments in the case.  *See* Mot. to Remand, ECF No. 68.  And as Defendant notes (though with an incorrect citation,[1] *see* Pl.'s Obj. to Def.'s Mot. to Dismiss 1, ECF No. 69), this hollow act does not abrogate the court's jurisdiction.  *See Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010) ("We write today to make clear that a plaintiff cannot seek to deprive a federal court of jurisdiction by reducing her demand to $75,000 or less once the jurisdictional threshold has been satisfied.").

Plaintiffs' motion, combined with their counsels' demonstrated lack of familiarity with the status of the case, amounts to serious fault.  *See, e.g.*, Reply in Further Supp. of Def.'s Mot. for Dismissal 1, ECF No. 49 (stating how Plaintiffs' counsel asked defense counsel what else was needed for discovery); Def.'s Mot. for Dismissal, Ex. 11, ECF No. 45-12 (copy of discovery response provided in Connecticut Superior Court format); Minute Entry ECF No. 56 (noting that Plaintiffs' counsel did not appear for oral argument).

---

[1] Defendant cites to *Yong Qin Luo v. Mikel* as "325" F.3d 772, rather than 625 F.3d 772.

Taken together, these specific bases of "reasonably serious fault" warrant dismissal with prejudice in the present case.

### B. Motion to Remand to State Court

The court previously having ruled upon the merits of Plaintiff's motion to remand, *see* Order, ECF No. 57 (ruling that the court has subject matter jurisdiction over this case), and now having dismissed this case with prejudice, the motion to remand to state court hereby is dismissed as moot.

## V. CONCLUSION

For the reasons discussed herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's renewed motion to dismiss is granted with prejudice;
2. Having dismissed Plaintiffs' complaint, Plaintiff's motion for remand to state court is denied as moot.

The Clerk of Court respectfully is asked to terminate this case.

**IT IS SO ORDERED** in Hartford, Connecticut, this 2nd day of August, 2023.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE